# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
### ATLANTA DIVISION

| | |
|---|---|
| FIMIC, S.R.L., <br><br> Plaintiff/Counter-Defendant, <br><br> v. <br><br> ADG SOLUTIONS, INC., <br><br> Defendant/Counter-Plaintiff. | Case No. 1:19-cv-05636-SDG |

## JOINT PRELIMINARY REPORT AND DISCOVERY PLAN

Plaintiff FIMIC, S.r.L. ("FIMIC") and Defendant ADG Solutions, Inc. ("ADG"), by their respective attorneys, pursuant to Federal Rule of Civil Procedure 26(f) and this Court's local rules, jointly submit this Rule 26(f) Joint Preliminary Report and Discovery Plan.

**1.    Description of Case:**

**(a)  Describe briefly the nature of the action.**

FIMIC is an Italian manufacturer. ADG is a business based in Tucker, Georgia. In or around 2010, FIMIC and ADG entered into an agreement whereby ADG would become the North American representative and exclusive distributor of FIMIC filtration systems, which are sold to plastic recyclers. That relationship ended in or around 2015. After the relationship ended, ADG began selling its own filtration system. FIMIC filed a Complaint in this Court on December 17, 2019, bringing seven causes of action, as set forth below. ADG filed its Answer and Counterclaim on January 8, 2020, and its Amended Answer and Counterclaim on January 9, 2020, bringing two counterclaims against FIMIC, as set forth below.

FIMIC's complaint alleges seven causes of action against ADG:

Count I – Violation of the Defend Trade Secrets Act, 18 U.S.C. § 1836, *et seq*.

Count II – Violation of the Uniform Trade Secrets Act

Count III – Breach of Contract

Count IV – Promissory Estoppel

Count V – Unjust Enrichment

Count VI – Trademark and Trade Dress Infringement

Count VII – Tortious Interference with Prospective Business Relationships

ADG alleges two causes of action as counterclaims against FIMIC:

Count I – Slander/Defamation

Count II – Tortious Interference with Business Relations

The parties deny the claims alleged against them.

**(b)   Summarize, in the space below, the facts of this case. The summary should not be argumentative nor recite evidence.**

FIMIC's Statement:

FIMIC is an Italian manufacturer of premium plastic filtration systems that are sold worldwide in the plastic recycling space. FIMIC's automatic and self-cleaning filters enable recyclers of various plastics to filter post-consumer material into a usable end product. FIMIC's filtration machines employ proprietary technology, including technology protected as trade secrets. FIMIC has established its line of filtration machines as a premium brand and industry

leader, employing a unique shape, design, and color palette to distinguish its brand.

From 2010 to 2015, ADG was FIMIC's exclusive North American distributor. During that time, ADG surreptitiously sold unauthorized replacement parts for FIMIC's machines to North American customers. Upon learning of this, FIMIC terminated its relationship with ADG.

Following the termination of ADG, ADG used its access to FIMIC's proprietary technology to develop its own plastic filtration system. Upon information and belief, ADG used and continues to use FIMIC's intellectual property, proprietary technology, and other confidential information to develop a knock-off filtration machine designed to compete with FIMIC. Moreover, ADG has copied FIMIC's unique shape, design, and color palette to create customer confusion.

Upon learning of ADG's misconduct, FIMIC initiated this action in response to ADG's continued misappropriation and unauthorized use of FIMIC's proprietary technology.

ADG's Statement:

FIMIC is an Italian manufacturer of filtration machines used in the recycling of plastic, and, from 2010 until 2015, it designated ADG as its exclusive distributor in the United States of one such machine, the RAS. After the parties ended their relationship, ADG lawfully developed its own machine that competes with the RAS machine.   FIMIC claims trade secret protection yet took no identifiable measures to protect the alleged trade secrets regarding its RAS machine.   FIMIC's RAS machine is in the public domain due to sales in the United States and around the world to parties not under any duty to maintain confidentiality.   FIMIC applied for and was granted a patent in Italy in 2000 which includes information about the RAS machine as a matter of public record. FIMIC has and continues to publicly share information about the RAS machine

on its website.   FIMIC shared a wide array of information about the RAS

machine with ADG, but never designated any of the information about the RAS

machine as confidential and never entered a nondisclosure or confidentiality

agreement with ADG.

FIMIC lacks any meritorious claims but is attempting to use this civil

action to punish its former distributor with expensive litigation, while it elicits

information about ADG's new machine and sales activity in the discovery phase

of this litigation.   ADG asks that the Court stay discovery and that it rule on

Defendant's motion for summary judgment before causing the parties to engage

in intrusive, extensive and burdensome discovery.

**(c)  The legal issues to be tried are as follows:**

For the Plaintiff:

(1)    Did ADG misappropriate FIMIC's trade secrets under federal and/or
state law?

(2)    Did ADG breach the parties' agreement?

(3)    In the alternative to the breach of contract claim, is ADG liable to FIMIC
for promissory estoppel?

(4)     In the alternative to the breach of contract claim, is ADG liable to FIMIC for unjust enrichment?

(5)     Did ADG violate FIMIC's common law trademark and trade dress rights?

(6)     Did ADG tortiously interfere with FIMIC's prospective business relationships?

(7)     Is FIMIC liable to ADG for slander/defamation?

(8)     Did FIMIC tortiously interfere with ADG's business relations?

For the Defendant:

ADG has filed a motion for summary judgment on the following grounds:

(1)     FIMIC's trade secret claims (Counts I and II) are deficient as a matter of law, because FIMIC failed to take reasonable measures to keep its information secret;

(2)     FIMIC's claim for unjust enrichment (Count V) is preempted as a matter of law because of the legal insufficiency of its trade secret claims;

(3)     FIMIC's claim for trademark and trade dress infringement (Count VI) is deficient as a matter of law, because FIMIC cannot satisfy its burden of showing that its RAS machine design is non-functional;

7

(4)   FIMIC's claims for breach of contract (Count III) and promissory estoppel (Count IV) are barred by applicable statutes of limitation; and

(5)   FIMIC's claim for tortious interference with prospective business relations (Count VII) is barred by the stranger doctrine.

ADG has counterclaims against FIMIC for slander and tortious interference with business relations.

**(d)   The cases listed below (include both style and action number) are:**

    **(1)  Pending Related Cases:**  None.

    **(2)  Previously Adjudicated Related Cases:**  None.

**2.   This case is complex because it possesses one or more of the features listed below:**

FIMIC's Statement:

X   (8)   Multiple use of experts.

X   (10)   Existence of highly technical issues and proof.

ADG's Statement:

Defendant disputes that this case is complex or that it involves the existence of highly technical issues and proof.

**3.      Counsel:**

**The following individually-named attorneys are hereby designated as lead counsel for the parties:**

**Plaintiff:**

BRADLEY RILEY JACOBS PC
David M. Caves
Raymond R. Rinkol
Ryan S. Fisher
320 W. Ohio Street, Suite 3W
Chicago, IL 60654

CAPLAN COBB LLP
James W. Cobb
Sarah Brewerton-Palmer
75 Fourteenth Street NE, Suite 2750
Atlanta, Georgia 30309

**Defendant:**

SCHULTEN WARD TURNER & WEISS, LLP
David L. Turner
Dean R. Fuchs
260 Peachtree Street, NW, Suite 2700

Atlanta, GA 30303

**4.    Jurisdiction:**

**Is there any question regarding this Court's jurisdiction?**

No.

**5.    Parties to This Action:**

**(a)  The following persons are necessary parties who have not been joined:**  None.

**(b)   The following persons are improperly joined as parties:**  None.

**(c)  The names of the following parties are either inaccurately stated or necessary portions of their names are omitted:**  None.

**(d)   The parties shall have a continuing duty to inform the Court of any contentions regarding unnamed parties necessary to this action or any contentions regarding misjoinder of parties or errors in the statement of a party's name.**

**6.    Amendments to the Pleadings:**

**Amended and supplemental pleadings must be filed in accordance with the time limitations and other provisions of Fed. R. Civ. P. 15. Further instructions regarding amendments are contained in LR 15.**

**(a)  List separately any amendments to the pleadings that the parties anticipate will be necessary:**  None at this time.

**(b)  Amendments to the pleadings submitted LATER THAN THIRTY DAYS after the Joint Preliminary Report and Discovery Plan is filed, or should have been filed, will not be accepted for filing, unless otherwise permitted by law.**

**7.    Filing Times for Motions**

**All motions should be filed as soon as possible. The local rules set specific filing limits for some motions. These times are restated below.**

**All other motions must be filed WITHIN THIRTY DAYS after the beginning of discovery, unless the filing party has obtained prior permission of the court to file later. Local Rule 7.1A(2).**

**(a)  *Motions to Compel*: before the close of discovery or within the extension period allowed in some instances. Local Rule 37.1.**

**(b)  *Summary Judgment Motions*:  within thirty days after the close of discovery, unless otherwise permitted by court order. Local Rule 56.1.**

**(c)  *Other Limited Motions*: Refer to Local Rules 7.2A; 7.2B, and 7.2E, respectively, regarding filing limitations for motions pending on removal, emergency motions, and motions for reconsideration.**

**(d)  *Motions Objecting to Expert Testimony*: <u>Daubert</u> motions with regard to expert testimony no later than the date that the proposed pretrial order is submitted. Refer to Local Rule 7.2F.**

**8.    Initial Disclosures:**

**The parties are required to serve initial disclosures in accordance with Fed. R. Civ. P. 26. If any party objects that initial disclosures are not appropriate, state the party and basis for the party's objection. NOTE: Your initial disclosures should include electronically stored information. Refer to Fed. R. Civ. P. 26(a)(1)(B).**

The parties agree to exchange initial disclosures by <u>February 7, 2020</u>.

**9.    Request for Scheduling Conference:**

**Does any party request a scheduling conference with the Court? If so, please state the issues which could be addressed and the position of each party.**

<u>FIMIC's Statement</u>:

FIMIC believes a scheduling conference would be helpful in light of the diverging views between the parties concerning the discovery schedule. FIMIC's position is that fact discovery should begin promptly, followed by expert discovery and dispositive motions if appropriate.

<u>ADG's Statement</u>:

Defendant believes a scheduling conference with the Court would be helpful, because the parties have significant differences of opinion as to how this civil action should proceed:  Plaintiff seeks roughly 12 months of discovery followed by dispositive motions; Defendant has filed a motion for summary judgment concurrently herewith and a motion to stay discovery.  A scheduling conference with the Court may help shape how this civil action will move forward in the most efficient and cost-effective manner.

**10.    Discovery Period:**

**The discovery period commences thirty days after the appearance of the first defendant by answer to the complaint. As stated in LR 26.2A, responses to initiated discovery must be completed before expiration of the assigned discovery period.**

**Cases in this Court are assigned to one of the following three discovery tracks: (a) zero month discovery period, (b) four months discovery period, (c) eight months discovery period. A chart showing the assignment of cases to a discovery track by filing category is contained in Appendix F. The track to which a particular case is assigned is also stamped on the complaint and service copies of the complaint at the time of filing.**

**Please state below the subjects on which discovery may be needed:**

Subjects on which discovery may be needed include the following general

categories:

For the Plaintiff:

- ADG's design of its plastic melt filtration system.

- ADG's access to and use, if any, of FIMIC's technology as a basis for the design of its plastic melt filtration system.

- Sales and marketing of ADG's plastic melt filtration system.

- Damages incurred by the parties.

For the Defendant:

Defendant believes the Court can resolve all claims on summary

judgment, without the need for any discovery by the parties.

**If the parties anticipate that additional time beyond that allowed by the assigned discovery track will be needed to complete discovery or that discovery should be conducted in phases or be limited to or focused upon particular issues, please state those reasons in detail below:**

FIMIC's Statement:

The Plaintiff proposes the following discovery schedule:

Feb. 7, 2020.      Parties to exchange initial disclosures by this date.

Feb. 21, 2020.     Parties to exchange proposed ESI search terms by this date. Plaintiff to submit a draft confidentiality and protective order to Defendant by this date.

Feb. 28, 2020.     Parties to meet and confer on ESI search terms, format for ESI production, and draft protective order by this date.

Aug. 7, 2020.      Fact discovery completed by this date.

Sept. 11, 2020.    Deadline to disclose experts (including reports) on issues for which the party bears the burden of proof.

Oct. 16, 2020.     Deadline to depose experts on issues for which the party bears the burden of proof.

Nov. 20, 2020.    Deadline to disclose rebuttal experts (including reports).

Dec. 23, 2020.    Deadline to depose rebuttal experts.

Jan. 29, 2021.     Dispositive motions due.

ADG's Statement:

Defendant does not agree to Plaintiff's proposed schedule. If Defendant's

motion for summary judgment does not resolve this civil action in its entirety,

the parties can thereafter submit a proposed scheduling order to address any

remaining claims/counterclaims.

**11.   Discovery Limitation and Discovery of Electronically Stored Information:**

   **(a)  What changes should be made in the limitations on discovery imposed under the Federal Rules of Civil Procedure or Local Rules of this Court, and what other limitations should be imposed?**

   The parties anticipate that they will submit a proposed confidentiality

and protective order for the Court's consideration and approval.

FIMIC's Statement:

   As indicated below, ADG intends to file a motion for summary judgment

and motion to stay discovery. FIMIC has not reviewed those motions but does

not agree that a dispositive motion is appropriate at this time or that discovery

should be delayed for an untimely summary judgment motion.

ADG's Statement:

   Defendant has filed a motion for summary judgment and motion to stay

discovery contemporaneously with the submission of this Joint Preliminary

Report and Discovery Plan.   Defendant believes the Court should stay or severely limit discovery until such time as the Court can rule on Defendant's dispositive motion.

**(b)   Is any party seeking discovery of electronically stored information?** Yes.

**(1)   The parties have discussed the sources and scope of the production of electronically stored information and have agreed to limit the scope of production (e.g., accessibility, search terms, date limitations, or key witnesses) as follows:**

The parties agree to confer and work together to establish appropriate procedures and reasonable limitations on the source and scope of the production of ESI. The parties agree to exchange proposed ESI search terms and confer as set forth above. In the unlikely event that the parties cannot resolve these issues, they will seek Court involvement.

**(2)   The parties have discussed the format for the production of electronically stored information (e.g., Tagged Image File Format (TIFF or .TIF files), Portable Document Format (PDF), or native), method of production (e.g., paper or disk), and the inclusion or exclusion and use of metadata, and have agreed as follows:**

These issues will be addressed by the parties as set forth above.

In the absence of agreement on issues regarding discovery of electronically stored information, the parties shall request a scheduling conference in paragraph 9 hereof.

12.    **Other Orders:**

What other orders do the parties think that the Court should enter under Rule 26(c) or under Rule 16(b) and (c)?

The parties anticipate that they will submit a proposed confidentiality and protective order for the Court's consideration and approval.

13.    **Settlement Potential:**

(a) Lead counsel for the parties certify by their signatures below that they conducted a Rule 26(f) conference that was held on January 24, 2020, and that they participated in settlement discussions. Other persons who participated in the settlement discussions are listed according to party.

For plaintiff: Lead counsel (signature):        /s/ David M. Caves

                                                /s/ James W. Cobb

        Other participants:

For defendant; Lead counsel (signature):   /s/ David L. Turner

                                            /s/ Dean R. Fuchs

        Other participants:

**(b)  All parties were promptly informed of all offers of settlement and following discussion by all counsel, it appears that there is now:**

**(c)   Counsel <u>do</u> / do not intend to hold additional settlement conferences among themselves prior to the close of discovery. The parties will confer regarding the date of the next settlement conference.**

**(d)  The following specific problems have created a hindrance to settlement of this case.**

**14.    Trial by Magistrate Judge:**

**Note: Trial before a Magistrate Judge will be by jury trial if a party is otherwise entitled to a jury trial.**

**(b)  The parties (X) do not consent to having this case tried before a magistrate judge of this Court.**

This 7th day of February, 2020.

*/s/ James W. Cobb*

James W. Cobb

Georgia Bar No. 420133

Sarah Brewerton-Palmer

Georgia Bar No. 589898

CAPLAN COBB LLP

75 Fourteenth Street NE, Suite 2750

Atlanta, Georgia 30309

Tel: (404) 596-5600

Fax: (404) 596-5604

jcobb@caplancobb.com

spalmer@caplancobb.com

David M. Caves (*pro hac vice*)

Raymond R. Rinkol *(pro hac vice)*

Ryan S. Fisher *(pro hac vice)*

BRADLEY RILEY JACOBS PC

320 W. Ohio Street, Suite 3W

Chicago, IL 60654

Telephone: (312) 281-0295

dcaves@bradleyriley.com

rrinkol@bradleyriley.com

rfisher@bradleyriley.com

*Attorneys for Plaintiff FIMIC, S.r.L*

*/s/ David L. Turner*

DAVID L. TURNER

Georgia Bar No. 004530

DEAN R. FUCHS

Georgia Bar No. 279170

SCHULTEN WARD TURNER & WEISS, LLP

260 Peachtree Street, NW, Suite 2700

Atlanta, GA 30303

(404) 688-6800

d.turner@swtwlaw.com

d.fuchs@swtwlaw.com

*Counsel for ADG Solutions, Inc.*

* * * * * * * * * * * * *

## SCHEDULING ORDER

Upon review of the information contained in the Joint Preliminary Report and Discovery Plan form completed and filed by the parties, the Court orders that the time limits for adding parties, amending the pleadings, filing motions, completing discovery, and discussing settlement are as set out in the Federal Rules of Civil Procedure and the Local Rules of this Court, except as herein modified:

IT IS SO ORDERED, this _____ day of _____, 2020.

_____
UNITED STATES DISTRICT JUDGE